IN THE 21st JUDICIAL CIRCUIT COURT
COUNTY OF ST. LOUIS
STATE OF MISSOURI

| | |
|---|---|
| WILLIAM L. VAN OYEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Cause No.: |
| ) | |
| MSH CHEVROLET CADILLAC, INC. ) | |
| d/b/a ELCO CHEVROLET ) | |
| d/b/a ELCO CADILLAC, ) | |
| ) | |
| **Serve:** ) | **JURY TRIAL REQUESTED** |
| CT Corporation System ) | |
| 120 S. Central Ave. ) | |
| St. Louis, MO 63105 ) | |
| ) | |
| Defendant. ) | |

## PETITION

COMES NOW Plaintiff William L. Van Oyen, by and through his undersigned counsel, and for his complaint against Defendant MSH Chevrolet Cadillac, Inc., d/b/a ELCO Chevrolet, d/b/a ELCO Cadillac, states as follows:

### Facts Common to all Counts

1. Plaintiff William L. Van Oyen ("Plaintiff") is a sixty (60) year old man who is a resident of St. Louis County, State of Missouri.

2. Defendant MSH Chevrolet Cadillac, Inc., d/b/a ELCO Chevrolet, d/b/a ELCO Cadillac ("Defendant") is corporation registered in the State of Missouri and doing business in St. Louis County, Missouri.

3. Plaintiff requests a trial by jury.

Electronically Filed - St Louis County - July 19, 2019 - 02:52 PM

4. At all times relevant to this action, Defendant's actions against Plaintiff were conducted by and through agents and employees acting within the scope and course of their employment with Defendant.

5. At all times relevant to this action, Plaintiff was employed by Defendant beginning on or about March 27, 2016.

6. During the first week of Plaintiff's employment, employees for Defendant began taunting and teasing Plaintiff about his age.

7. Employees for Defendant would make comments that included regularly calling Plaintiff "old" and a "goat" and referred to Plaintiff as "B.V. Old" or "B.V. Slow" as a reference to Plaintiff's initials.

8. Within approximately two weeks of Plaintiff's employment with Defendant, he first reported this constant harassment to Sveta Gwin, manager/supervisor for Defendant.

9. To Plaintiff's knowledge and understanding, no action was ever taken place after Plaintiff reported the actions of Defendant's employees.

10. Within approximately two weeks after first reporting the employees' actions and receiving no response and continuing to receive constant harassment about his age, Plaintiff reported the actions to Paul Roeder, another manager/supervisor for Defendant.

11. To Plaintiff's knowledge and understanding, Defendant again failed to take any action in response to the reported harassment about Plaintiff's age.

12. In May or June of 2016 during a three month review, Plaintiff again reported the harassment he received from employees' of Defendant to Jeff Pirozzi, Human Resources department employee of Defendant.

13. To Plaintiff's knowledge and understanding, Defendant for the third time, failed to take any again to stop the harassment.

14. At a point after Plaintiff's initial complaint of age discrimination and harassment, Defendant's employees began attempt to say that the reference "goat" no longer referred to him as old but as the "Greatest of All Time" as an excuse for using the phrase towards Plaintiff.

15. Thereafter, Plaintiff continued to receive further harassment about his age from employees of Defendant, with no action taken by Defendant to stop the actions of its employees.

## Count I – (Retaliation – Missouri Human Rights Act)

COMES NOW Plaintiff and for Count I of his cause of action against Defendant, states as follows:

16. Plaintiff realleges and incorporates by reference as is fully set forth herein the allegations contained in paragraphs 1 through 15.

17. Plaintiff reported unlawful harassment he receive due to his age by employees of Defendant to Sveta Gwin, manager/supervisor for Defendant, Paul Roeder, another manager/supervisor for Defendant, and Jeff Pirozzi, Human Resources department employee of Defendant.

18. Plaintiff then began to receive harassment about his age from Mark Hadfield, owner of Defendant.

19. On March 8, 2018, Plaintiff informed Mark Hadfield that he needed to stop the age discrimination harassment.

Electronically Filed - St Louis County - July 19, 2019 - 02:52 PM

20. The following day, on March 9, 2018, Plaintiff was terminated from his position with Defendant.

21. The complaint made by Plaintiff to Defendant’s supervisors, Human Resources department, as well as owner, was a motivating factor in Defendant's adverse actions against Plaintiff.

22. Defendant’s retaliation against Plaintiff, as more fully set forth above, resulted in the violation of the Missouri Human Rights Act, R.S.Mo §§213.010 et seq.

23. As a direct and proximate result of the actions pled herein, Plaintiff has suffered damages, emotional damages, anguish, humiliation and embarrassment and has financial losses.

24. As a direct and proximate result of the actions pled herein, Plaintiff has incurred attorney's fees and expenses in pursuing redress for the wrong he suffered at the hands of the Defendant.

25. As a direct and proximate result of the actions pled herein, Plaintiff has lost income which he would have received had the retaliation not occurred.

26. The actions of Defendant were in careless disregard of Plaintiff's rights so as to require the injury of punitive damages against this Defendant.

WHEREFORE, Plaintiff prays the Court to enter an Judgment on behalf of Plaintiff in an amount which is fair and reasonable to compensation Plaintiff for the injuries and damages resulted to him as a result of the Defendant's retaliatory action under the Missouri Human Rights Act and in an amount to reimburse him for damages and losses resulting from the actions of this Defendant, as well as an amount as in for punitive damages to punish Defendant for their actions,

and for Plaintiff's attorney's fees, and for such other and further relief this Court deems just and proper under the circumstances.

## Count II – (Harassment – Title VII of the Civil Rights Act of 1964)

COMES NOW Plaintiff and for Count II of his cause of action against Defendant, states as follows:

27. Plaintiff realleges and incorporates by reference as is fully set forth herein the allegations contained in paragraphs 1 through 26.

28. Plaintiff received constant harassment by employees of Defendant.

29. Despite Plaintiff repeatedly reporting this harassment to supervisors/managers/owner of Defendant, no corrective action took place.

30. The harassment caused Plaintiff to suffer extreme physical and emotional distress.

31. As a direct and proximate result of the actions pled herein, Plaintiff has suffered damages, emotional damages, anguish, humiliation and embarrassment and has financial losses.

32. As a direct and proximate result of the actions pled herein, Plaintiff has incurred attorney's fees and expenses in pursuing redress for the wrong he suffered at the hands of the Defendant.

33. The actions of Defendant were in careless disregard of Plaintiff's rights so as to require the injury of punitive damages against this Defendant.

WHEREFORE, Plaintiff prays the Court to enter an Judgment on behalf of Plaintiff in an amount which is fair and reasonable to compensation Plaintiff for the injuries and damages resulted to him as a result of the Defendant's discriminatory action under Title VII of the Civil

Electronically Filed - St Louis County - July 19, 2019 - 02:52 PM

Rights Act of 1964, and in an amount to reimburse him for damages and losses resulting from the actions of this Defendant, as well as an amount as in for punitive damages to punish Defendant for their actions, and for Plaintiff's attorney's fees, and for such other and further relief this Court deems just and proper under the circumstances.

### Count III – Age Discrimination (Missouri Human Rights Act)

COMES NOW Plaintiff and for Count III of his cause of action against Defendant, states as follows:

34. Plaintiff realleges and incorporates by reference as is fully set forth herein the allegations contained in paragraphs 1 through 33.

35. At all relevant times to this action, Plaintiff was between fifty-seven (57) years old, when he was first hired, and fifty-nine (59) years old when he was terminated.

36. Plaintiff was required to stay for longer hours than other employees due to his age on numerous occasions.

37. Despite having amongst the best sales results of all other employees, Mark Hatfield, owner of Defendant corporation, constantly singled out Plaintiff for his work, creating a negative perception of Plaintiff's work ability.

38.  Plaintiff's age was a motivating factor in being treated differently from other similarly situated employees.

39. Defendant's age discrimination against Plaintiff, as more fully set forth above, resulted in the violation of the Missouri Human Rights Act, R.S.Mo §§213.010 et seq.

40. As a direct and proximate result of the actions pled herein, Plaintiff has suffered damages, emotional damages, anguish, humiliation and embarrassment and has financial losses.

41. As a direct and proximate result of the actions pled herein, Plaintiff has incurred attorney's fees and expenses in pursuing redress for the wrong he suffered at the hands of the Defendant.

42. As a direct and proximate result of the actions pled herein, Plaintiff has lost income which he would have received had the discrimination not occurred.

43. The actions of Defendant were in careless disregard of Plaintiff's rights so as to require the injury of punitive damages against this Defendant.

                RYNEARSON SUESS SCHNURBUSCH
                CHAMPION, LLC.

BY:   /s/ Debbie S. Champion
       Debbie S. Champion, #38637
       Javas A. Smith, #68409
       500 North Broadway, Suite 1550
       St. Louis, MO 63102
       314-421-4430 / FAX: 314-421-4431
       Email: dchampion@rssclaw.com
              jsmith@rssclaw.com
             *Attorneys for Plaintiff*

IN THE 21st JUDICIAL CIRCUIT COURT
COUNTY OF ST. LOUIS
STATE OF MISSOURI

| | |
|---|---|
| WILLIAM L. VAN OYEN, | ) |
| Plaintiff, | ) |
| v. | ) Cause No.: 19SL-CC02935 |
| MSH CHEVROLET CADILLAC, INC. d/b/a ELCO CHEVROLET d/b/a ELCO CADILLAC, | ) |
| **Serve:** CT Corporation System 120 S. Central Ave. St. Louis, MO 63105 | ) **JURY TRIAL REQUESTED** |
| Defendant. | ) |

**FILING MEMORANDUM TO CLERK**

COMES NOW Plaintiff William L. Van Oyen, by and through undersigned counsel, and submits the $36.00 sheriff's fee for the previously-filed request for summons.

> RYNEARSON SUESS SCHNURBUSCH
> CHAMPION, LLC.
>
> BY:  /s/ Debbie S. Champion
> Debbie S. Champion, #38637
> Javas A. Smith, #68409
> 500 North Broadway, Suite 1550
> St. Louis, MO 63102
> 314-421-4430 / FAX: 314-421-4431
> Email: dchampion@rssclaw.com
>          jsmith@rssclaw.com
>          *Attorneys for Plaintiff*

Electronically Filed - St Louis County - July 19, 2019 - 03:44 PM

IN THE 21st JUDICIAL CIRCUIT COURT
COUNTY OF ST. LOUIS
STATE OF MISSOURI

| | |
|---|---|
| WILLIAM L. VAN OYEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Cause No.: |
| ) | |
| MSH CHEVROLET CADILLAC, INC. ) | |
| d/b/a ELCO CHEVROLET ) | |
| d/b/a ELCO CADILLAC, ) | |
| ) | |
| **Serve:** ) | **JURY TRIAL REQUESTED** |
| CT Corporation System ) | |
| 120 S. Central Ave. ) | |
| St. Louis, MO 63105 ) | |
| ) | |
| Defendant. ) | |

**FILING MEMORANDUM TO CLERK**

COMES NOW Plaintiff William L. Van Oyen, by and through undersigned counsel, and requests the following Summons:

1. Summons ordered to issue upon Defendant MSH Chevrolet Cadillac, Inc. d/b/a ELCO Chevrolet d/b/a ELCO Cadillac, to be served upon CT Corporation System, 120 S. Central Avenue, St. Louis, Missouri, 63105. Summons to be returned to Attorney Debbie S. Champion, attorney for Plaintiff, for service by St. Louis County Sheriff.

                                RYNEARSON SUESS SCHNURBUSCH
                                CHAMPION, LLC.

BY:    /s/ Debbie S. Champion
       Debbie S. Champion, #38637
       Javas A. Smith, #68409
       500 North Broadway, Suite 1550
       St. Louis, MO 63102
       314-421-4430 / FAX: 314-421-4431
       Email: dchampion@rssclaw.com
              jsmith@rssclaw.com
              *Attorneys for Plaintiff*



# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division:<br>DAVID L VINCENT III | Case Number: 19SL-CC02935 | |
|---|---|---|
| Plaintiff/Petitioner:<br>WILLIAM L. VAN OYEN<br><br>vs. | Plaintiff's/Petitioner's Attorney/Address<br>DEBBIE S. CHAMPION<br>500 NORTH BROADWAY<br>SUITE 1550<br>SAINT LOUIS, MO  63102 | |
| Defendant/Respondent:<br> MSH CHEVROLET CADILLAC, INC.<br>DBA:   ELCO CHEVROLET<br>DBA:   ELCO CADILLAC | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO  63105 | **SHERIFF FEE PAID** |
| Nature of Suit:<br>CC Employmnt Discrmntn 213.111 | | (Date File Stamp) |

## Summons in Civil Case

**The State of Missouri to:**  MSH CHEVROLET CADILLAC, INC.
                             **Alias:**
                             DBA:   ELCO CHEVROLET
                             DBA:   ELCO CADILLAC

**120 S. CENTRAL AVE.**
**ST. LOUIS, MO  63105**



*COURT SEAL OF*

*ST. LOUIS COUNTY*

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 or 800-735-2966, at least three business days in advance of the court proceeding.

__07-AUG-2019__                                             _____
    Date                                                                                                                Clerk

**Further Information:**
    LG

### Sheriff's or Server's Return

**Note to serving officer:**  Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

_____ (name) _____ (title).

☐ other _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____        _____
    Printed Name of Sheriff or Server                                  Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

                Subscribed and sworn to before me on _____ (date).

*(Seal)*       My commission expires: _____        _____
                                                     Date                                                    Notary Public

**Sheriff's Fees, if applicable**
Summons $ _____
Non Est $ _____
Sheriff's Deputy Salary
Supplemental Surcharge $ ___10.00_____
Mileage $ _____ ( _____ miles @ $. _____ per mile)
**Total** $ _____

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

**THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI**

Twenty First Judicial Circuit

# NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES

**Purpose of Notice**

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case. However, most lawsuits are settled by the parties before a trial takes place. This is often true even when the parties initially believe that settlement is not possible. A settlement reduces the expense and inconvenience of litigation. It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost. Often such services are most effective in reducing costs if used early in the course of a lawsuit. Your attorney can aid you in deciding whether and when such services would be helpful in your case.

**Your Rights and Obligations in Court Are Not Affected By This Notice**

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so. In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below. These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended. Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not. **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

**Alternative Dispute Resolution Procedures**

There are several procedures designed to help parties settle lawsuits. Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party. The services are provided by individuals and organizations who may charge a fee for this help. Some of the recognized alternative dispute resolutions procedures are:

**(1) Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case. The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit. An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties. The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

**(2) Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement. An effective mediator may offer solutions that have not been considered by the parties or their lawyers. A mediator may not impose his or her own judgment on the issues for that of the parties.

CCADM73

OSCA (7-99) SM30  (SMCC) *For Court Use Only*: **Document ID# 19-SMCC-7276**     3     (Civil Procedure Form No. 1, Rules 54.01 – 54.05,
54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

**(3) Early Neutral Evaluation ("ENE"):** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator. The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions. While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**(4) Mini-Trial:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations. The neutral third party may issue an advisory opinion regarding the merits of the case. The advisory opinion is not binding.

**(5) Summary Jury Trial:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations. A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed. After the "trial", the jurors retire to deliberate and then deliver an advisory verdict. The verdict then becomes the starting point for settlement negotiations among the parties.

**Selecting an Alternative Dispute Resolution Procedure and a Neutral**

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral. As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals. The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list. The Circuit Clerk also has Neutral Qualifications Forms on file. These forms have been submitted by the neutrals on the list and provide information on their background and expertise. They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 105 South Central Ave., 5th Floor, Clayton, Missouri 63105. The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral. The court cannot advise you on legal matters and can only provide you with the List and Forms. You should ask your lawyer for further information.

CCADM73

Return Copy

SB 9-6



# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division: DAVID L VINCENT III | Case Number: 19SL-CC02935 | |
|---|---|---|
| Plaintiff/Petitioner: WILLIAM L. VAN OYEN vs. | Plaintiff's/Petitioner's Attorney/Address DEBBIE S. CHAMPION 500 NORTH BROADWAY SUITE 1550 SAINT LOUIS, MO 63102 | |
| Defendant/Respondent: MSH CHEVROLET CADILLAC, INC. DBA: ELCO CHEVROLET DBA: ELCO CADILLAC | Court Address: ST LOUIS COUNTY COURT BUILDING 105 SOUTH CENTRAL AVENUE CLAYTON, MO 63105 | **SHERIFF FEE PAID** |
| Nature of Suit: CC Employmnt Discrmntn 213.111 | | (Date File Stamp) |

## Summons in Civil Case

**FILED AUG 16 2019 JOAN M. GILMER CIRCUIT CLERK, ST LOUIS COUNTY**

The State of Missouri to: MSH CHEVROLET CADILLAC, INC.
Alias:
DBA: ELCO CHEVROLET
DBA: ELCO CADILLAC

See petition
CT Corporation Serv.
120 S. CENTRAL AVE.
ST. LOUIS, MO 63105

CT Corp



**COURT SEAL OF ST. LOUIS COUNTY**

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.
    SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 or 800-735-2966, at least three business days in advance of the court proceeding.

07-AUG-2019
Date                                        Clerk

Further Information:
LG

RECEIVED 2019 AUG -9 PM 4:15 ST LOUIS COUNTY SHERIFF'S OFFICE

### Sheriff's or Server's Return
Note to serving officer: Summons should be returned to the court within thirty days after the date of issue.
I certify that I have served the above summons by: (check one)
☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.
☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to
_____ (name) _____ (title).
☑ other _____
Served at  CT CORPORATION  LCW – B. LOVE _____ (address)
in  St. Louis County  (County/City of St. Louis), MO, on AUG 14 2019 (date) at 9 A.M. (time).

J CONNOLLY
Printed Name of Sheriff or Server                    Signature of Sheriff or Server

Must be sworn before a notary public if not served by an authorized officer:
Subscribed and sworn to before me on _____ (date).
(Seal)
My commission expires: _____
                    Date                               Notary Public

AUG 12 2019