**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| WILLIAM VAN OYEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:19-CV-2561-SNLJ |
| ) | |
| MSH CHEVROLET CADILLAC, INC., ) | |
| d/b/a ELCO CHEVROLET d/b/a ELCO ) | |
| CADILLAC, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

Plaintiff William van Oyen brought this employment discrimination lawsuit against his former employer, defendant MSH Chevrolet Cadillac, Inc., d/b/a ELCO Chevrolet and ELCO Cadillac. This matter is before the Court on defendant's motion to strike (#24) and partial motion to dismiss (#28). Plaintiff filed response memoranda in opposition, but defendant did not reply.

**I.    Factual Background**

For the purposes of this motion to dismiss, the facts alleged in the complaint are presumed true. In March 2016, plaintiff began working as Finance Manager for defendant's car dealership. He alleges that during his first week of employment, other employees began taunting and teasing him about his age. He was 57 years old at the time. They regularly called him an "old goat" and referred to him as "B.V.Old" or "B.V.Slow" as a play on his initials. Plaintiff alleges he promptly and repeatedly reported the "constant age-based harassment" to defendant's managers/supervisors. Despite multiple

efforts to report the age-based harassment, plaintiff alleges that the harassment only continued and worsened.  He alleges the following examples:

- In April 2016, another employee asked plaintiff, "back in the day, did you sell chariots?"
- In October 2016, the same employee taunted plaintiff by commenting that plaintiff was the only person old enough to see the Chicago Cubs win the World Series twice, when the Cubs had last won the World Series in over 100 years.
- In January 2017, at a company event, Mark Hadfield—defendant's owner—called plaintiff to the front of the room and, in front of all persons in attendance, called plaintiff an "old goat."
- In March 2017, Mark Hadfield called plaintiff to a break room where he again referred to plaintiff as a "old goat" to the gathered employees, and he presented plaintiff with a cake depicting a goat. Plaintiff alleges that the purported purpose of the event was celebration of plaintiff's one year work anniversary, but he says the true purpose was to continue to taunt and harass plaintiff on the basis of his age.
- In September 2017, the Hadfield gave plaintiff a sticker depicting a goat. Hadfield indicated he had intended to give plaintiff the sticker earlier but had refrained from doing so because of plaintiff's complaints regarding harassment.

- In January 2018, Hadfield again called plaintiff a goat publicly at a company event.

- In February 2018, plaintiff's 59th birthday, another employee asked plaintiff, "how old are you now, 70?"

- On in March 2018, Mark Hadfield compared plaintiff to Billy Graham and Rodney Dangerfield in front of the sales staff, which plaintiff said was a reference to his age because each was "born decades before plaintiff and were already deceased at the time of the comments."

Plaintiff alleges that the ongoing and worsening harassment continued despite his complaints until his termination.

Plaintiff also alleges he was subjected to disparate treatment on the basis of his age. He alleges he was frequently and repeatedly required to work longer hours than similarly situated younger employees, not allowed to leave work early even though other similarly situated younger employees were allowed to leave work early, and was constantly told to hurry up when other similarly situated younger employees were not.

On or about March 8, 2018, Mark Hadfield again stated at a company event that "we got the goat" regarding plaintiff.  Immediately following that event, plaintiff demanded that Mark Hadfield cease his ongoing age based discrimination directed at plaintiff. On March 9, plaintiff was terminated by defendant. Defendant presented plaintiff with a letter purporting to set forth the basis for his termination. Plaintiff alleges

3

that the conduct stated to be the basis for the termination was identical to the conduct of other employees younger than plaintiff who were never harassed or terminated.

Plaintiff further alleges that defendant's employees would attempt to conceal the harassment of plaintiff by claiming that the term "goat" was an acronym for "greatest of all time." Plaintiff claims that was merely a "thinly veiled cover to allow defendant and the defendant's employees to continue" harassment of plaintiff on the basis of his age.

Plaintiff filed his charge of age discrimination and retaliation on September 4, 2018, with the Equal Employment Opportunity Commission and the Missouri Commission on Human Rights.  The EEOC issued its notice of right to sue on April 26, 2019. Plaintiff initially filed this case in the Circuit Court of St. Louis County on July 19, 2019.  Defendant removed the action to this court on September 13, 2019.  Plaintiff brings three counts:  Count I is for retaliation in violation of the Age Discrimination in Employment Act ("ADEA").  Count II is for hostile work environment/harassment in violation of the ADEA.  Count III is for age discrimination in violation of the ADEA.

Defendant moves to dismiss Counts II and III of the complaint (#22).  Defendant also moves to strike plaintiff's claims for emotional and punitive damages (#24).

**II.     Motion to Dismiss**

The purpose of a Rule 12(b)(6) motion to dismiss is to test the legal sufficiency of a complaint so as to eliminate those actions "which are fatally flawed in their legal premises and designed to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity." *Young v. City of St. Charles*, 244 F.3d 623, 627

4

(8th Cir. 2001) (quoting *Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989)). In addressing a motion to dismiss, a court must view the allegations of the complaint in the light most favorable to the plaintiff. *United States ex rel. Ambrosecchia v. Paddock Laboratories, LLC.*, 855 F.3d 949, 954 (8th Cir. 2017).  A complaint must be dismissed for failure to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (abrogating the prior "no set of facts" standard set forth in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). Courts "do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face." *Id.* at 555. A complaint must set forth factual allegations which are enough to "raise a right to relief above the speculative level." *Id.* at 555. However, where a court can infer from those factual allegations no more than a "mere possibility of misconduct," the complaint must be dismissed. *Cole v. Homier Distributing Co., Inc.*, 599 F.3d 856, 861 (8th Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)).

    **A.**    **Count II**

Defendant moves to dismiss Count II for hostile work environment because plaintiff does not allege "severe or pervasive" conduct necessary to state a claim.  "The ADEA makes it unlawful for employers to discriminate on the basis of an individual's age if that individual is over 40 years old." *Breeding v. Arthur J. Gallagher & Co.*, 164 F.3d 1151, 1156 (8th Cir. 1999), *abrogated on other grounds by Torgerson v. City of Rochester*, 643 F.3d 1031 (8th Cir. 2011) (citing 29 U.S.C. §§ 623(a)(1), 631(a)).

5

Harassment based on age "is actionable when that harassment is so severe or pervasive as to alter the conditions of the victim's employment and create an abusive working environment." *Id.* (internal quotation omitted to *Faragher v. City of Boca Raton*, 524 U.S. 775, 786 (1998) and *Meritor Savings Bank, FSB v. Vinson*, 477 U.S. 57, 67(1986)).

> To be actionable, harassment must be both objectively and subjectively offensive, such that a reasonable person would consider it to be hostile or abusive, and courts make this determination "by looking at all the circumstances, including the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance."

*Breeding*, 164 F.3d at 1158 (quoting *Faragher*, 524 U.S. at 787-88). "[S]imple teasing…offhand comments, and isolated incidents (unless extremely serious) will not amount to discriminatory changes in the terms and conditions of employment." *Id*. "[S]poradic use of abusive language, [age]-related jokes, and occasional teasing" are "the ordinary tribulations of the workplace," and thus do not amount to actionable harassment. *Id.* at 1159. The Eighth Circuit affirmed dismissal of a hostile work environment in which most of the "offhand and isolated comments were wholly unrelated to each other and had a tenuous connection to race, sex, religion or national origin." *Al-Zubaidy v. TEK Indus., Inc.*, 406 F.3d 1030, 1039 (8th Cir. 2005). Further, the "comments were infrequent, were not severe, never physically threatened [plaintiff], were more akin to mere offensive utterances, and did not interfere with [plaintiff's] work performance." *Id.* Defendant here insists plaintiff's claim is like that of plaintiffs in other cases rejected or dismissed for failure to identify sufficiently serious conduct as the basis for their hostile

work environment claims. *See Rickard v. Swedish Match N. Am., Inc.*, 773 F.3d 181, 183 (8th Cir. 2014); *Peterson v. Scott County*, 406 F.3d 515, 524 (8th Cir. 2005); *Clayton v. Sioux Steel Co.*, 4-16cv4179-RAL, 2018 WL 5257638, at *9 (D. S.D. Oct. 22, 2018).

Those cases, however, were disposed of on summary judgment, not at the motion to dismiss stage. In addition, here, unlike in some of those cases, the conduct and comments plaintiff identifies are clearly related to each other and to plaintiff's age. The Court acknowledges that much of plaintiff's allegations appear to involve simple teasing. Certainly, the teases and taunts were not physically threatening. However, plaintiff alleges that it caused him extreme distress and materially altered the conditions of his working environment. [#18 at ¶ 62, 76, 77.] At this stage, viewing the complaint in a light most favorable to the plaintiff, *Ambrosecchia*, 855 F.3d at 954, and though it is a close case, the Court concludes that plaintiff has adequately alleged a hostile work environment claim.

### B.   Count III

Plaintiff's Count III is for disparate treatment in violation of the ADEA. Plaintiff claims, for example, that he had to work longer hours than similarly situated younger employees. Defendant seeks dismissal of Count III because it says those allegations were not included in plaintiff's EEOC charge. Before filing a lawsuit, the ADEA and other anti-discrimination statutes require that a plaintiff exhaust his administrative remedies. "Administrative remedies are exhausted by the timely filing of a charge and the receipt of a right-to-sue letter." *Faibisch v. Univ. of Minnesota*, 304 F.3d 797, 803 (8th Cir. 2002)

"Nevertheless, the completion of that two-step process constitutes exhaustion only as to those allegations set forth in the EEOC charge and those claims that are reasonably related to such allegations." *Id.* Here, defendant contends that plaintiff did not adequately raise the matter of disparate treatment in his EEOC charge. "To determine whether an allegedly discriminatory action falls within the scope of a claim, the administrative complaint must be construed liberally in order to further the remedial purposes of applicable legislation." *Dorsey v. Pinnacle Automation Co.*, 278 F.3d 830, 838 (8th Cir. 2002). "The sweep of any subsequent judicial complaint may be as broad as the scope of the EEOC investigation which could reasonably be expected to grow out of the charge of discrimination." *Kells v. Sinclair Buick-GMC Truck, Inc.*, 210 F.3d 827, 836 (8th Cir. 2000), abrogated on other grounds by *Torgerson v. City of Rochester*, 643 F.3d 1031 (8th Cir. 2011).

In *Dorsey*, the plaintiffs complained of age discrimination based on "failure to promote" in their EEOC charge, but the court held such claims were "not broad enough to encompass hostile work environment claims." 278 F.3d at 838. Similarly, in *Kells*, the plaintiff's claim that he was unlawfully subject to verbal harassment by one person was not reasonably related to his claims of discriminatory demotion and termination at the hands of another. 210 F.3d at 836.

Defendant points out that plaintiff's Charge sought only to recover for harassment and retaliation, and that the Charge did not include the "disparate treatment" which that now forms the basis for Count III. Defendant also argues that plaintiff was required to

8

file a Charge of Discrimination within 300 days after the unlawful practice occurred, so any conduct alleged to have occurred before November 8, 2017 is time-barred.

Plaintiff responds that his disparate treatment claim clearly arises out of the same events found in the Charge.  Plaintiff wrote in his Charge that he was bringing a claim for age discrimination and retaliation against defendant, and the complaint in this case closely follows the allegations in the Charge.  Specifically, he notes that the Charge "references the disparate treatment [plaintiff] suffered compared to younger employees on page 4," which describes how plaintiff was fired for behavior exhibited by younger employees who were not terminated or otherwise punished.  (#29 at 10).  Although plaintiff does not use the words "disparate treatment" in the Charge, he does check the boxes for age discrimination and retaliation, and there is no box to check for "disparate treatment."  In his complaint, plaintiff includes the disparate treatment of his termination and adds some other examples, including being required to stay late.

It is clear to this Court that the disparate treatment claim arises out of the same events found in the charge.  Surely, his termination allegations are a form of disparate treatment.  And indeed, his disparate treatment allegations are inextricably intertwined with his harassment and discrimination case.  The motion to dismiss Count III will be denied.

**III.    Motion to Strike**

Defendant moves to strike plaintiff's claims for emotional and punitive damages. Federal Rule of Civil Procedure 12(f) states that the court may strike from a pleading any

9

"redundant, immaterial, and pertinent, or scandalous matter." A motion to strike should generally be denied unless the challenged allegations have no possible relation or logical connection to the subject matter of the controversy and may cause some form of significant prejudice to one or more parties to the action. *Worldwide Stationery Mfg. co., Ltd. v. U.S. Ring Binder, L.P*., No. 4:07- CV-1947, 2009WL1684702, at *3 (E. D. Mo. June 16, 2009).

The parties agree that the remedies under the ADEA generally track those remedies under the Fair Labor Standards Act, 29 U.S.C. § 201 (2019) et seq. (hereinafter "FLSA"). *Fiedler v. Indianhead Truck Line, Inc.*, 670 F.2d 806, 809 (8th Cir. 1982). In *Fiedler*, the Eighth Circuit held the damages for pain and suffering are not recoverable under the ADEA, just as they are not recoverable under the FLSA. *Id.* It seems clear, then, that any claim for emotional distress is not permitted. The Eighth Circuit has also held that "punitive damages … are not recoverable under the ADEA." *Williams v. Valentec Kisco, Inc*., 964 F.2d 723, 729 (8th Cir. 1992); *but see Lewey v. Vi-Jon, Inc*., 4:11CV1341 JAR, 2012 WL 1859031, at *7 (E.D. Mo. May 22, 2012) (allowing punitive damages in FLSA claim).

Plaintiff's claim for emotional distress and punitive damages will be stricken.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to dismiss is DENIED.

**IT IS FURTHER ORDERED** that defendant's motion to strike is GRANTED.

**IT IS FINALLY ORDERED** that plaintiff's claims for emotional and punitive damages are stricken.

Dated this   29th   day of April, 2020.

 

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE