UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| William Van Oyen ) | |
| ) | |
| *Plaintiff,* ) | |
| ) | |
| vs. ) | Cause No.:  4:19-CV-02561-SNLJ |
| ) | |
| MSH Chevrolet Cadillac Inc., d/b/a ELCO ) | |
| Chevrolet, d/b/a ELCO Cadillac ) | |
| ) | |
| *Defendant.* ) | |

## JOINT PROTECTIVE ORDER

By agreement of the parties, the Court hereby enters this Protective Order to govern the disclosure of all material to be produced during the discovery process of this case, as well as the filing of all CONFIDENTIAL MATERIAL with this Court.

1. For purposes of this Order, CONFIDENTIAL MATERIAL shall mean:

    A. Any records relating to employees of Defendant other than Plaintiff, including but not limited to any electronic records; and

    B. Any and all records related to the operation of Defendant's business, including but not limited to compensation structure for employees, Employee Handbooks, policies and procedures, management structure, sales practices, financial information and any information not available to the public under federal, Missouri and/or local law.

All designations of "Confidential Material" shall pertain not only to the documents themselves, but all deposition testimony related to the documents, and any reference to any matters contained in those documents which may be produced in any pleading, motion, expert report or other document.  Such information shall be designated as "Confidential Material" pursuant to the procedures of this Order.

2. Any Confidential Material obtained pursuant to discovery in this action shall be

held in confidence by each person to whom it is disclosed, shall be used only for purposes of this action, including any appeal, and shall not be disclosed to any person who is not authorized under this Order to receive such information.  All produced Confidential Material shall be carefully maintained in secure facilities and access to such Confidential Material shall be permitted only to persons properly having access thereto under the terms of this Order.

3. Any party producing information, documents, materials, items or things (hereinafter "producing party") shall designate at the time of production, or as soon thereafter as practical, that such information, documents, materials, items or things contain or include Confidential Material.  Such designation shall be made on the face of the document by use of the label "CONFIDENTIAL MATERIAL" or similar phrase.  If the documents do not contain such a designation or label, then the documents shall not be encompassed by this Order.  However, any documents that have been produced in this case prior to the entry of this Order may be designated as Confidential Material by the producing party within thirty (30) days of the entry of this Order, by written notice to the receiving party.  Additionally, a party may designate information, documents, materials, items or things produced by a third party as Confidential Material by providing notice of the intent to so designate the material to all other parties as soon as practical after receipt thereof.

4. A receiving party may object in a written notice to the designation of information or material as Confidential Material.  Such written notice shall identify the information or materials involved, and contain a short statement of the reasons for objection to the particular designation.  If the parties are unable to resolve any differences within ten (10) days after receipt of such notice, the party receiving the discovery may file a motion requesting that the Court rule that the disputed material be declassified, or, that disclosure to certain limited individuals be permitted.  The

disputed material shall remain Confidential Material as originally designated and subject to the terms of this Order until the Arbitrator has ruled on such motion.

5.      Access to Confidential Material shall be limited to: Plaintiff; appropriate managerial and supervisory employees of Defendant; counsel of record for the respective parties to this action; regular employees of said counsel who are assisting in the prosecution or defense of this litigation; expert witnesses designated by the parties; and appropriate court personnel in the regular course of litigation ("Qualified Persons").

6.      Disclosure of CONFIDENTIAL MATERIAL may be made to witnesses in preparation for deposition or hearing testimony if the witness gives sufficient assurances to counsel of record that he or she will abide by the terms of this Order, on penalty of contempt for violation hereof.

7.      Nothing in this Order shall preclude any party from seeking a modification of this Order, provided that any modification related to the treatment of Confidential Material produced by a third party shall not take place without notice and an adequate opportunity to be heard by all parties and any such third party.

8.      Any of the notice requirements herein may be waived, in whole or in part, but only by a writing signed by an attorney of record for the party, and by any third party or counsel for any third party, against whom such waiver will be effective.

9.      The designation of Confidential Material pursuant to this Order shall not be construed as an admission by a producing party that such information is relevant or material to any issue or is otherwise admissible as evidence.  The receipt of such designated Confidential Material by a party shall not be construed as an admission that such information is, in fact, confidential information.  This Order is not intended to waive any privileges and/or objections of either party

as to the documents produced or disclosed during this litigation, nor does it compel the disclosure of such documents.

10.     Within thirty (30) days of the final conclusion of this action, including all confirmation actions and appeals, all Confidential Material and copies thereof in the possession, custody, or control of any Qualified Person or their attorney shall be maintained in the possession, custody, or control of counsel for the Qualified Person and shall be withheld from all other persons following the conclusion of this case.  Counsel for the Plaintiff, Defendant and any other Qualified Person agree that said Confidential Material will be maintained solely for the purpose of defending an action against said counsel or responding to a disciplinary complaint against said counsel.  No Confidential Material produced by either party may be used by the receiving party in any other lawsuit, claim, arbitration or transaction which is not related to the relationship between Plaintiff and Defendant herein.

11.     Upon final determination of this action (whether by judgment, settlement, dismissal or other disposition), the provisions of this Order shall continue to be binding upon the parties, their counsel, third parties and anyone to whom Confidential Material has been disclosed pursuant to this Order.

12.     This Order may be modified by agreement of the parties or upon further Order of the Court.

Dated this 19th day of  June , 2020

So Ordered:

*[signature]*
_____

Stephen N. Limbaugh, Jr.
United States District Judge

CAV/23073328