UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| William Van Oyen ) | |
| ) | |
| *Plaintiff,* ) | |
| ) | |
| vs. ) | Cause No.:4:19-CV-02561-SNLJ |
| ) | |
| MSH Chevrolet Cadillac Inc., d/b/a ELCO ) | |
| Chevrolet, d/b/a ELCO Cadillac ) | |
| ) | |
| *Defendant.* ) | |

## MOTION TO QUASH NOTICE OF DEPOSITION

Comes now Defendant, MSH Chevrolet Cadillac, Inc., and for its Motion to Quash the Notice of Deposition Duces Tecum of Defendant's Corporate Representative set for January 25, 2021, states:

1. This matter involves allegations of age discrimination in employment. The discovery deadline pursuant to the Case Management Order is February 12, 2021.

2. On January 5, 2021, counsel for Plaintiff informed defense counsel of his intent to depose a corporate representative of the Defendant. On January 13, 2021, after the depositions of two of Defendant's three most senior management personnel, Plaintiff provided a list of 42 separate topics for the corporate representative deposition *duces tecum*. Exhibit A, List of Topics. The Deposition has been noticed for January 25, 2021. Exhibit B, Notice of Deposition Duces Tecum.

3. Plaintiff has propounded two sets of Interrogatories and three Requests for Production, totaling 25 Interrogatories and 49 Requests, to Defendant. Plaintiff's Second

Set of Interrogatories and Third Request for Production were propounded January 11, 2021 and are pending.

4. In addition to producing 106 pages of documents with its Rule 26(a) Disclosures, Defendant has answered or will timely answer and/or object to all written discovery requests. Through the Second Request for Production, Defendant has produced a total of 231 pages of documents, including: plaintiff's complete personnel file; Defendant's employment policies; the employment policies of Defendant's predecessor; information regarding anti-discrimination training of Defendant's employees; emails, text messages, photographs and a voice mail involving plaintiff; certain financial information regarding Defendant; documents showing the relative performance of, compensation of, and discipline issued to comparative employees; Defendant's employee list, including dates of birth; and employment records of Plaintiff's other employers obtained by Defendant with authorization.

5. In addition, plaintiff has deposed seven witnesses, including two members of ELCO's senior management: Paul Roeder, Defendant's Vice President and CFO, was deposed December 10, 2020 for approximately six hours; and Jeff Pirozzi, Defendant's HR Manager, was deposed December 11, 2020 for approximately six hours. Defendant notes the interrogation of Mr. Roeder and Mr. Pirozzi was exceptionally repetitive.

6. The deposition of Mark Hadfield, Defendant's President and owner, is set January 27, 2021.

7. On Friday, January 15, 2021 Defendant informed Plaintiff's counsel, in writing, of Defendant's objections to the list of the Deposition's topics. Specifically, they

are highly duplicative of issues that have been covered in the depositions of Mr. Pirozzi and Mr. Roeder or will be covered with the remaining two witnesses, particularly Mr. Hadfield.  Further, the documents commanded to be produced have already been produced, either with Defendant's Rule 26 Disclosures or the Responses to the first two Requests for Production.  Finally, many of the requests are overbroad, and Topic 28 requests information protected by the attorney-client privilege.  Plaintiff's counsel responded on Tuesday, January 19, that he intended to proceed with the deposition.

8.  Pursuant to Local Rule 3.04 and Fed. R. Civ. Pro. 37, the undersigned attempted to confer with counsel for plaintiff, Victor Essen, by telephone on January 20, 2021. Counsel were finally able to speak directly, by telephone, the afternoon of Friday, January 22, 2021 to attempt in good faith to resolve this dispute.  Counsel are unable to reach an accord.

9.  Had Plaintiff's counsel informed defense counsel of the intent to depose a corporate representative regarding the topics listed in Exhibit A, Mr. Roeder and Mr. Pirozzi would have been designated to testify - and indeed have already testified - about many of the topics.  Specifically, Mr. Pirozzi, as the one and only Human Resource professional employed by ELCO, has already testified about topics 1-18, 21-30, 34-37, his knowledge of 38, and 39-42.  Mr. Roeder, as Vice President and CFO, has already testified about topics 1, 3, 8, 9, 11-16, 19-22, 27, 30, 31, and 34-42.

10.  Pursuant to Fed. R. Civ. Pro. 30(a)(2), a party must obtain leave of court to depose a witness if the parties have not stipulated to the deposition and the deponent has already been deposed.  Plaintiff has not sought leave to re-depose the witnesses who would

3

be designated to respond to the 42 topics listed in Exhibit A, including Mr. Pirozzi and Mr. Roeder.  Their testimony as Corporate Representatives regarding the topics in Exhibit A would be duplicative of and identical to their testimony as "individuals" because they have already testified on behalf of the Defendant regarding the Company's policies and procedures and implementation thereof as well as their knowledge – and thus the Company's knowledge - of the facts of this case.  Thus, corporate representative depositions here would be a waste of both time and money.

11. Because the Notice also requests documents to be produced, it fails to comply with Rule 30(b)(2) in that it demands production of documents in less than thirty days as allowed in Rule 34.

12. The list of topics fails to comply with Rule 30(b)(6) in that it fails to describe many of the topics with reasonable particularity.  For example, Topic 2 seeks "All answers and documents provided by MSH Chevrolet Cadillac, Inc. ("Defendant") in response to the plaintiff's interrogatories and requests for production in the immediate cause of action, including but not limited to Plaintiff's personnel file."  As noted above, the discovery responses cover a wide range of topics.  Plaintiff's counsel has been able to ask every witness about their knowledge of the documents produced by Defendant.  Plaintiff's personnel file itself includes documentation regarding multiple subjects, including: his dates of employment, his prior employment experience, benefits he elected, discipline issues, the terms of his compensation, policy acknowledgements, and his 90-day performance review.  Number 3 requests testimony and documents pertaining to "Defendant's employment of the Plaintiff, from the date he was hired to the date he was

4

terminated/left Defendant's employment." As phrased, this topic includes everything from the dates of Plaintiff's employment to his job duties, performance, discipline, conversations regarding work with his co-workers and supervisors, and a myriad of details about each vehicle sale with which he was involved. Similarly, topics 8, 9, 23, 24, 27, 29, 34, 35, 36, 40, 41 and 42 are so overbroad the precise nature of the information sought and what documents are expected to be produced in response cannot reasonably be discerned.

       13.     Finally, the information requested in many of the Topics cannot be provided by a single corporate representative because they demand information regarding the knowledge of multiple individuals (as opposed to knowledge of the corporation) and thus are inappropriate for a corporate representative to address. For example, Topic 1 pertains to any conversations with Plaintiff regarding the allegations in the First Amended Petition (*sic*). Topic 8 pertains to communications with Plaintiff regarding his employment. Topic 9 pertains to communications between and among Defendant's personnel about Plaintiff. Clearly, anyone who was a party to a given conversation will have to testify about that conversation; no single person can testify about all of them. Topics 21, 22 and 23 pertain to the use of profanity, use of nicknames, and jokes made by Defendant's employees. Each individual witness will have to testify about their own experiences on such topics. Topics 38 and 39 pertain to employees' knowledge of Plaintiff's age and the age of their co-workers. Again, each employee would have to testify about their own knowledge of the ages of their co-workers, including Plaintiff. As to these issues, the knowledge of an individual does not constitute knowledge of "the corporation" which could constitute an admission by the corporation.

5

14. All but 1 of the 42 topics[1] have been covered in other depositions or in written discovery responses. Defendant acknowledges that a party is entitled to obtain testimony from both a defendant corporation through its designated representative(s) and from individuals who are both managers/officers of a corporation and fact witnesses. In this situation, however, Plaintiff already has testimony from two of the corporation's three highest officers, and is set to depose the company's President on January 27, 2021. ELCO is not a large company with multiple layers of management. It is a local car dealership which is operated and managed by two people with the close assistance of its one and only HR Manager. All are fact witnesses who have been or will be deposed regarding their personal knowledge of the facts, which in this situation constitutes the knowledge of the corporation itself. Given the importance of the roles of these three individuals in ELCO's management, their respective testimony constitutes the testimony *of the corporation*. Plaintiff has not identified, either through Exhibit B or otherwise, what information he needs from the corporation beyond what he already has (or will have) from these three witnesses.

15. In order to minimize costs and avoid duplication, Defendant is prepared to adopt the already-provided testimony of Mr. Pirozzi and Mr. Roeder and the anticipated testimony of Mr. Hadfield as the testimony of the corporation on the topics listed in Exhibit A, to the extent a given topic is reasonably particular, can be answered by one specific person and is appropriate for a corporate representative deposition. See, e.g., *Hoops v.*

---

[1] The only remaining topic is 33, Mr. Hadfield's "behavior and conduct" towards plaintiff. Those issues will be addressed in his deposition.

6

*Med. Reimbursements of Am., Inc.*, 4:16-CV-01543-AGF, 2017 WL 2242558, at *2 (E.D. Mo. May 23, 2017).

**WHEREFORE**, Defendant, MSH Chevrolet Cadillac, Inc. d/b/a ELCO Chevrolet and ELCO Cadillac, respectfully moves this Honorable Court for its Order Quashing the Notice of Deposition Duces Tecum of the Corporate Representative of Defendant, and for any further relief this Court deems just and appropriate under the circumstances.

> */s/ Christine A. Vaporean*
> Christine A. Vaporean, #48021MO
> BROWN & JAMES, P.C.
> 800 Market Street, Suite 1100
> St. Louis, Missouri  63101-2501
> 314-421-3400; 314-242-5337 (direct dial)
> 314-421-3128; 314-242-5537 (direct fax)
> cvaporean@bjpc.com
>
> *Attorneys for Defendant*

CAV/25405463