# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| **WILLIAM VAN OYEN,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 4:19-CV-2561-SNLJ |
| ) | |
| **MSH CHEVROLET CADILLAC, INC.,** ) | |
| **d/b/a ELCO CHEVROLET d/b/a ELCO** ) | |
| **CADILLAC,** ) | |
| ) | |
| **Defendant.** ) | |

## MEMORANDUM AND ORDER

Plaintiff William van Oyen brought this employment discrimination lawsuit against his former employer, defendant MSH Chevrolet Cadillac, Inc., d/b/a ELCO Chevrolet and ELCO Cadillac.  This matter is before the Court on defendant's motion to compel [#41], which has been fully briefed.

Defendant seeks an order compelling plaintiff to execute an authorization for plaintiff's employment records from his current employer, the Dean Team.  Plaintiff asserts he was terminated due to his age, but defendant contends he was terminated as a disciplinary sanction for his use of unprofessional and inappropriate language in front of customers.  Defendant argues that it is entitled to investigate plaintiff's behavior for other employers as it pertains to both plaintiff's allegations and defendant's defenses.  Although plaintiff has authorized release of employment records for prior employers, he has refused to execute an authorization for his current employer.

Federal Rule of Civil Procedure 26(b)(1) defines the scope of permissible discovery.  "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1).

Plaintiff argues that the current employment records are irrelevant and therefore not discoverable because plaintiff says he has not put his current employment at issue in the case.  Plaintiff believes that defendant hopes to use some other possible incident of misconduct in his current employment to show plaintiff has proclivities to some bad behavior.  Defendant denies it is conducting a fishing expedition.  Defendant says it has reason to believe that plaintiff has referred to himself as the "G.O.A.T." and "B.V.O." while working elsewhere despite alleging here that those terms are discriminatory and offensive.  Defendant also responds that the records will go to plaintiff's credibility.  This Court has found that both prior and subsequent employment records "are likely to lead to the discovery of admissible evidence regarding Plaintiff's credibility and Defendant's defenses." *Wolfe v. Gallagher Bassett Services Inc.*, 4:11CV01610 ERW, 2012 WL 1357751, at *2 (E.D. Mo. Apr. 19, 2012) (citing *Lyoch v. Anheuser–Busch Cos., Inc.*, 164 F.R.D. 62, 68 (E.D. Mo. 1995) (personnel files may lead to admissible evidence regarding plaintiff's credibility)).  Defendant also notes that plaintiff did execute authorizations for records from his previous employers, and the current employer's records are no less relevant.

2

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to compel is GRANTED.

**IT IS FURTHER ORDERED** that plaintiff shall execute an authorization for release of records from his current employer no later than February 1, 2021.

Dated this  27th  day of January, 2021.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE