UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| WILLIAM VAN OYEN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:19-CV-2561-SNLJ |
| ) | |
| MSH CHEVROLET CADILLAC, INC., ) | |
| d/b/a ELCO CHEVROLET d/b/a ELCO ) | |
| CADILLAC, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

Plaintiff William van Oyen brought this employment discrimination lawsuit against his former employer, defendant MSH Chevrolet Cadillac, Inc., d/b/a ELCO Chevrolet and ELCO Cadillac. This matter is before the Court on defendant's motion to quash notice of deposition for its corporate representative [#44], which has been fully briefed.

The discovery deadline in this case was set for February 12, 2021. On January 5, plaintiff's counsel informed defense counsel of his intent to depose a corporate representative of defendant. On January 13, plaintiff provided a list of 42 topics for the corporate representative deposition duces tecum. On January 15, defendant informed plaintiff's counsel of defendant's objections to the list of deposition topics: (1) they are duplicative of issues already covered in the depositions of Pirozzi and Roeder; (2) the documents commanded to be produced have already been produced; and (3) many requests are overbroad, and one (Topic 28) requests information protected by the

attorney-client privilege.  The deposition was noticed for January 25. Defendant seeks an order quashing the notice of deposition.

In December, plaintiff deposed two members of ELCO's senior management: Paul Roeder, defendant's Vice President and CFO, was deposed December 10, 2020 for approximately six hours; and Jeff Pirozzi, Defendant's HR Manager, was deposed December 11, 2020 for approximately six hours. Defendant characterizes their depositions as "exceptionally repetitive."

Defendant points out that, had it known about the topics for the corporate representative deposition, it could have designated Roeder and Pirozzi to testify on those topics. Indeed, they have already testified about many of the topics. Pirozzi, as the only Human Resource professional employed by ELCO, has already testified about topics 1-18, 21-30, 34-37, his knowledge of 38, and 39-42. Roeder, as Vice President and CFO, has already testified about topics 1, 3, 8, 9, 11-16, 19-22, 27, 30, 31, and 34-42.

Defendant contends that these two deponents should not be required to undergo depositions again. Pursuant to Federal Rule of Civil Procedure 30(a)(2), a party must obtain leave of court to depose a witness if the parties have not stipulated to the deposition and the deponent has already been deposed. Plaintiff has not sought leave to re-depose the witnesses who would be designated to respond to the 42 topics listed, including Pirozzi and Roeder. Defendant contends that their testimony as Corporate Representatives regarding the list of topics would be duplicative of and identical to their testimony as "individuals" because they have already testified on behalf of defendant

2

regarding the Company's policies and procedures and implementation thereof as well as their knowledge–and thus the Company's knowledge—of the facts of this case. Thus, defendant concludes, corporate representative depositions here would be a waste of both time and money. Defendant also raises numerous objections to the 42 topics themselves.

Federal Rule of Civil Procedure 26(c) allows, upon a showing of good cause by the movant, the Court to issue an order protecting disclosure or discovery. In order to make the requisite showing of good cause, the moving party must make "a particular and specific demonstration of fact, as distinguished from stereotype and conclusory statements." *Gulf Oil Co. v. Bernard*, 452 U.S. 89, 102 n. 16 (1981) (quoting 8 C. Wright & A. Miller, *Federal Practice & Procedure* § 2035, p. 265 (1970)). "Thus, for good cause to exist, the parties seeking protection must show that specific prejudice or harm will result if no protective order is granted." *Buehrle v. City of O'Fallon, Mo.*, No. 4:10CV00509 AGF, 2011 WL 529922, at *2 (E.D. Mo. Feb. 8, 2011). The prejudice or harm protected by Rule 26(c) includes "annoyance, embarrassment, oppression, or undue burden or expense." See Fed. R. Civ. P. 26(c); *Crawford–El v. Britton*, 523 U.S. 574, 599 (1998). "Such determination must also include a consideration of the relative hardship to the non-moving party should the protective order be granted." *General Dynamics Corp. v. Selb Mfg. Co.*, 481 F.2d 1204, 1212 (8th Cir. 1973) (citing *United States v. Kordel*, 397 U.S. 1, 4–5 (1970)). "Rule 26(c) confers broad discretion on the trial court to decide when a protective order is appropriate and what degree of protection is required." *Seattle*

3

*Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984); *Roberts v. Shawnee Mission Ford, Inc.*, 352 F.3d 358, 362 (8th Cir. 2003).

Because defendant is not particularly large organization, it happens that Mr. Pirozzi and Roeder are not only fact witnesses but are also appropriate deponents as the corporate representative for the 42 topics identified by plaintiff. Therefore, defendant seeks to "minimize costs and avoid duplication" by adopting the already-provided testimony of their earlier fact witnesses as corporate testimony. *See, e.g.*, *Hoops v. Med. Reimbursements of Am., Inc.*, 4:16-CV-01543-AGF, 2017 WL 2242558, at *2 (E.D. Mo. May 23, 2017) (noting that the objecting defendant had not offered to adopt individual testimony as corporate testimony).

Plaintiff relies on *Centrix Fin. Liquidating Tr. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, 4:12-MC-624-JAR, 2013 WL 3225802, at *5 (E.D. Mo. June 25, 2013) for the proposition that prior deposition testimony for individual fact witnesses does not relieve a corporation from designating a corporate spokesperson in response to a Rule 30(b)(6) notice of deposition. In that case, though, this Court held that "a third deposition of a Lyndon designee is necessary and proper because National Union has already deposed two witnesses from Lyndon, <u>both of whom disclaimed knowledge of the allegations in the Lyndon lawsuit</u>." *Id.* (emphasis added). Similarly, this Court in *Buehrle* observed that the plaintiff there had not been able to discover defendant's position on topics listed in the 30(b)(6) notice. 2011 WL 529922, at *3. Thus, unlike here, there was no relevant individual testimony for the corporate entity to adopt as corporate testimony.

4

Defendant contends that it would be overly burdensome in terms of time and expense to re-produce the deponents who have already been deposed and who have already addressed the Exhibit A topics. It does appear to this Court that plaintiff might have organized its deposition discovery more effectively. Plaintiff counters that, if defendant is allowed to adopt the testimony of its witnesses as corporate testimony, it would be prejudiced because there has been "inconsistent testimony about workplace rules, standards, and conduct at ELCO relevant to the claims at issue, and Van Oyen is entitled to definitive statements from ELCO on these topics."

This Court will grant the motion in part and deny the motion in part. Defendant shall designate the testimony it adopts for the topics in plaintiff's Exhibit A as its corporate testimony from the previous depositions. To the extent topics remain, plaintiff will be permitted to proceed with the deposition of a corporate representative(s) for those topics only. With respect to plaintiff's concerns about "inconsistent" testimony from various witnesses, defendant's designations will necessarily resolve any conflicts. As for the defendant's objections regarding the 42 Exhibit A topics, it appears many of the topics will have already been addressed by defendant's designations. This Court is confident that counsel can narrow and perhaps completely resolve any remaining disagreements without the Court's involvement.

Accordingly,

**IT IS HEREBY ORDERED** that defendant's motion to quash [#44] is DENIED in part and GRANTED in part.

**IT IS FURTHER ORDERED** that the discovery period is extended until March 26, 2021, as described in this memorandum and order and for the limited purpose of addressing the matters not already addressed by the testimony designated by defendant as having been adopted as its corporate testimony.

Dated this  2nd  day of March, 2021.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE