UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| WILLIAM VAN OYEN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:19-CV-2561-SNLJ |
| | ) |
| MSH CHEVROLET CADILLAC, INC., | ) |
| d/b/a ELCO CHEVROLET d/b/a ELCO | ) |
| CADILLAC, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

Plaintiff William van Oyen brought this employment discrimination lawsuit against his former employer, defendant MSH Chevrolet Cadillac, Inc., d/b/a ELCO Chevrolet and ELCO Cadillac.  This matter is before the Court on plaintiff's motion to compel [#50], which has been fully briefed.

Plaintiff seeks an order compelling defendant to disclose performance evaluations of defendant's employees who were terminated for the use of profanity.  Plaintiff alleges he was terminated in retaliation for his complaints regarding age-based discrimination and harassment.  Defendant contends that plaintiff was terminated because of an outburst in which he used profanity in the presence of customers. Plaintiff seeks the terminated employees' performance evaluations because if defendant is to establish that its termination of plaintiff was consistent with its prior practice, defendant must show the employees allegedly terminated for use of profanity were employees whose performance evaluations were comparable to plaintiff's.

Federal Rule of Civil Procedure 26(b)(1) defines the scope of permissible discovery.  "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1).

Defendant objects to the discovery request as overbroad in time and scope and as seeking confidential information with no bearing on issues in the case.  Defendant states that plaintiff's performance was indisputably good, but, despite the good performance, he was fired for using profanity in front of customers for a second time after being warned not to do so.  Other employees fired for using profanity were in fact fired after their first offense, so, defendant says, plaintiff was actually treated better than the other fired employees.  Defendant argues that whether the other employees were poor performers or the best has no bearing on the fact that they engaged in inappropriate workplace conduct.

Plaintiff points out, however, that the other fired employees are not meaningful comparators to plaintiff if they were actually poor performers.  Plaintiff argues that defendant would not have fired otherwise profitable employees for the use of profanity.

The confidential nature of the records sought by plaintiff is already addressed by the protective order in place for this matter.  The records sought by plaintiff are nonprivileged and relevant to the claims and defenses of the parties.  Defendant cannot at once point to employees that it says are similarly situated and then prevent plaintiff from investigating whether in fact the other employees were similarly situated.

As to defendant's argument that the requests fail to identify the documents sought with reasonable particularity, defendant says that "all documents related to" the subject employees' various performance evaluations for the durations of their employment necessarily encompasses all documents which substantiate the evaluations.  This Court will limit the production of documents to the performance evaluation documents contained in the subject employees' personnel files.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to compel is GRANTED.

**IT IS FURTHER ORDERED** that defendant shall produce documents responsive to Request for Production 2 of plaintiff's Third Request for Production of Documents in accordance with this Memorandum and Order by April 30, 2021.

**IT IS FINALLY ORDERED** that plaintiff shall have until the time prescribed in this Court's April 20, 2021 Order by which to supplement his dispositive motion briefing, if necessary, with respect to the discovery produced in response to this Order.  Plaintiff should file one supplemental memorandum, if necessary, encompassing the matters addressed by this Order and the April 20, 2021 Order.  Defendant shall have two weeks following plaintiff's filing of any supplemental memorandum by which to file its own response, if any.

Dated this  23rd  day of April, 2021.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE